# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RHYS ALLEN JORDAN,

       Plaintiff,                :        Case No. 3:10-cv-287

                                                    District Judge Thomas M. Rose
    -vs-                                     Magistrate Judge Michael R. Merz

                                               :

CITY OF SIDNEY, OHIO, et al.,

       Defendant.

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
> (I) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an

objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349.  Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Plaintiff claims dentist Mark Schull in Ada, Ohio, implanted a 7/16" by 5/8" micro circuit tooth transmitter in his upper left jaw twenty-four years ago and that it has been used since then by various law enforcement agencies without his consent to conduct surveillance on him.  He seeks $210 million in punitive tort damages from the City of Sidney and its police department, mayor, city manager, and city council; the Shelby County Sheriff's Department and prosecutor; the United States Department of Justice; former President Bush; the Federal Bureau of Investigation; the State of Ohio and its Highway Patrol, Governor, and former Attorney General; and several doctors.

This action is frivolous and the Complaint fails to state a claim upon which relief can be granted.  Whether such a device as Plaintiff claims is in his head exists anywhere, it is completely incredible that all of the persons named as Defendants have banded together to have such a device inserted in Plaintiff and then used it for surveillance for the last twenty-four years.  Factual allegations in a Complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).  The allegations here are at best fanciful and

2

perhaps delusional.

The Complaint should be dismissed without prejudice for failure to state a claim upon which relief can be granted. The Court should certify that any appeal is not taken in good faith and therefore may not proceed *in forma pauperis*.

July 20, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).